UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY VANHOOSE, Personal Representative of the Estate of DONALD VANHOOSE, JR., Deceased, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:06-cv-1565-WTL-LJM |
| | ) |
| NUCOR CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTIONS RELATING TO ADMISSIONS

This cause is before the Court on the Plaintiff's Verified Motions for Leave to Belatedly Respond to Defendants' Requests for Admissions and to Withdraw Admissions and the Defendants' response thereto. The Court, being duly advised, **GRANTS** the Plaintiff's motions for the reasons set forth below.

On January 31, 2007, the Defendants served discovery requests on the Plaintiff, including requests for admission. When the Plaintiff failed to respond within 30 days, the requests were deemed to have been admitted pursuant to Federal Rule of Civil Procedure 36(a). Shortly thereafter, the Defendants filed a motion for summary judgment which relies upon the deemed admissions. The next day, the Plaintiff filed the instant motions, in which his counsel avers that he was unaware that requests for admission were included in the discovery requests he received from the Defendant and therefore inadvertently failed to respond to them.[1] The Plaintiff seeks to

---

[1]As the Defendants point out, this is curious, inasmuch as the Plaintiff's responses to all of the discovery requests were due in 30 days, and therefore Plaintiff's counsel should have taken action of some kind–if only to request an extension of time to respond–within that time period.

withdraw the deemed admissions pursuant to Federal Rule of Civil Procedure 36(b).

Rule 36(b) provides:

> Any matter admitted under this rule is conclusively established unless the court
> on motion permits withdrawal or amendment of the admission.  Subject to the
> provision of Rule 16 governing amendment of a pre-trial order, the court may
> permit withdrawal or amendment when the presentation of the merits of the action
> will be subserved thereby and the party who obtained the admission fails to
> satisfy the court that withdrawal or amendment will prejudice that party in
> maintaining the action or defense on the merits.

In this case, there is no question that the presentation of the merits of this action will be subserved by allowing the Plaintiff to withdraw the admissions.  Inasmuch as the deemed admissions essentially eliminate the Plaintiff's case entirely, there will be no presentation of the merits if the Plaintiff is not permitted to withdraw them.  Therefore, the first prong of Rule 36(b) is satisfied.

As for the second prong of Rule 36(b), the Defendants have not demonstrated that they will be prejudiced if the admissions are withdrawn.  Having to prove one's case on the merits is not the type of prejudice that satisfies Rule 36(b).  Indeed, inasmuch as allowing a party to withdraw an admission will by its very nature always require the other party to prove something that it otherwise would not have had to prove, that alone cannot be sufficient prejudice to satisfy Rule 36(b).   Rather, the Defendants must show that they will be prejudiced "*in maintaining the action . . . on the merits*," not simply because they will *now be required to maintain* the action on the merits.  See, e.g., Perez v. Miami-Dade County, 297 F.3d 1255, 1266 (11th Cir. 2002) ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the

admissions.").

The only prejudice to the Defendants here is the fact that they relied upon the deemed admissions when they filed their motion for summary judgment. This prejudice can be eliminated by having the Plaintiff's counsel reimburse the Defendants for the cost of preparing that motion.  Accordingly, the Plaintiff's motions are **GRANTED**; the deemed admissions are withdrawn and the Plaintiff shall respond to all of the Defendants' outstanding discovery requests, including the requests for admission, by **April 30, 2007**.  Also by that date, the Defendants shall file a bill of costs, along with supporting affidavit(s), setting forth the attorney fees and any costs they incurred in preparing and filing their motion for summary judgment.  In light of this ruling, the motion for summary judgment is **DENIED AS MOOT**.

SO ORDERED:  04/13/2007

_William T Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

C. Richard Marshall
crmarsh@hsonline.net

Thomas Edward Rosta
KOPKA PINKUS DOLIN & EADS PC
terosta@kpdlawfirm.com